IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KARA DORSEY<br>288 Riverside Drive<br>Pasadena, MD 21122 | *<br>*<br>* |
| Plaintiff | * |
| vs. | *<br>No.: |
| UNITED OF OMAHA LIFE INSURANCE COMPANY<br>Mutual of Omaha Plaza<br>Omaha, NE 68175 | *<br>*<br>* |
| Serve:<br>Beth Sammis<br>Insurance Commissioner for the State of Maryland<br>200 St. Paul Place<br>Suite 2700<br>Baltimore, MD 21202-2272 | *<br>*<br>*<br>*<br>* |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Now comes the Plaintiff, Kara Dorsey, by and through her attorney, Keith R. Siskind and the Law Firm of Michael D. Steinhardt, P.C., and files this Complaint against the Defendant, and in furtherance thereof states as follows:

### Jurisdiction

1. That this Court has jurisdiction over the parties of this cause of action pursuant to Title 28 USC, §1332 and 29 USC, § 1132 (e).

2. That the ERISA statute provides, at 29 USC, § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal are now exhausted. Defendant issued the Plaintiff a denial of benefits on July 16, 2009. Plaintiff filed a timely appeal on or

1

about January 7, 2010. The appeal was acknowledged by Defendant on January 18, 2010. On February 23, 2010 Defendant requested a 45 day extension. The extension expired on April 9, 2010. Defendant issued a denial to the Plaintiff on May 25, 2010 which is about 45 days after expiration of the extension. **See Exhibit 1.**

3. That this Court has jurisdiction of the subject matter as the long term disability plan issued by the Defendant to the Plaintiff's Employer, Opinion Research Corporation, is a qualified Employee Welfare Benefit Plan regulated by the Employment Retirement Security Act of 1974, 29 USC, § 1001, et seq.

## Venue

4. That venue of this action lies in the United States District Court for the District of Maryland under 29 USC, § 1132(e)(2), 28 USC, § 1391, in that the Plaintiff resides in the state of Maryland, is employed in the state of Maryland, and the cause of action arose in the state of Maryland.

## The Parties

5. That the Plaintiff, Kara Dorsey, is an individual, a citizen of the state of Maryland, residing at 288 Riverside Drive, Pasadena, MD 21122.

6. That the Defendant, United of Omaha Life Insurance Company, entered into a contract of insurance with the Plaintiff's employer, Opinion Research Corporation, to provide long term disability benefits to its employees.

## Statement of Facts

7. That the Plaintiff was employed as an administrative assistant with a date of hire of January 2, 2001.

8. That the Plaintiff is presently 40 years of age. Plaintiff suffers from multiple medical problems including chronic fatigue/malaise causing Plaintiff to sleep up to 12-16 hours per day. Plaintiff further has symptoms of pain in her left hip, lower back, left leg and both hands and feet. Plaintiff experiences numbness in her hands and feet. An MRI demonstrates spinal stenosis at L3 through L5.

9. That due to the Plaintiff's medical condition she became disabled on January 29, 2007. Plaintiff was paid a period of short term disability benefits between February 13, 2007 and April 29, 2007. On July 26, 2007 Defendant approved Plaintiff's claim for long term disability benefits effective April 30, 2007. Plaintiff is entitled to 66 2/3% of her basic monthly earnings with a monthly disability benefit of $ 3,437.23. **See Exhibit 2.**

10. That on July 16, 2009 Defendant forwarded a letter to Plaintiff terminating long term disability benefits beyond July 1, 2009. **See Exhibit 3.** Pursuant to the terms of the policy Plaintiff is entitled to continuing long term disability benefits until her normal retirement age which is age 67. Benefits are thus due and payable to the Plaintiff from July 1, 2009 through the Plaintiff's normal retirement age of 67, a period representing 325 months. This represents total payments due in the amount of $ 1,117,099.75, subject to any offset for other benefits, such as Social Security Disability Benefits which Plaintiff has yet to receive.

11. That pursuant to the Defendant's letter of July 16, 2009 benefits were denied due to the following:

> 1. The results of a functional capacity examination completed at Nova Care on May 28, 2009 determined that Plaintiff has the ability to function in a light physical demand level for an 8 hour workday. The report indicates that she demonstrated the ability to occasionally lift up to 35 lbs. from floor to waist, lift 20 lbs. from waist to shoulder and

from floor to shoulder. She could also occasionally lift 20 lbs., push 16.4 lbs. of force and pull 12.3 lbs. of force. She demonstrated the ability to perform constant standing, frequent sitting, walking, stair climbing, reaching, balancing, stooping, crouching, object handling, fingering, feeling, simple/firm hand grasping and fine/gross hand manipulation and occasional kneeling. Based on these findings Defendant determined that Plaintiff was capable of performing her light occupation as an administrative assistant. Defendant further indicated that the records do not demonstrate objective findings to support complaints of shoulder and joint pain due to Raynauld's disease beyond July 1, 2009. **See Exhibit 3.**

12. That the Plaintiff filed a timely notice of appeal by letter dated January 7, 2010. **See Exhibit 4.** Defendant forwarded a letter dated January 18, 2010 acknowledging receipt of the appeal. **See Exhibit 5.** On February 23, 2010 Defendant requested an extension pending completion of a medical review. **See Exhibit 6.** Plaintiff forwarded letters dated March 30, 2010, April 14, 2010 and May 4, 2010 notifying Defendant that if a decision was not forthcoming Plaintiff will deem the claim denied and proceed with a lawsuit. **See Exhibit 7.** On May 25, 2010, more than 45 days after the extension expired, Defendant issued a denial. **See Exhibit 1.**

13. That pursuant to the Defendant's letter of May 25, 2010 Defendant upheld the denial of Plaintiff's claim for long term disability benefits for the following reasons:

> A. The clinical evidence in the file does not support Plaintiff's inability to perform her own or any occupation requiring sedentary to light work capacity.
> B. The treating providers have indicated that Plaintiff has rheumatologic disorders which is inconsistent with the lack of evidence on examination or laboratory testing.
> C. The Plaintiff's Raynaud's syndrome does not impair her from working in an office environment.
> D. Imaging studies reveal only mild degenerative changes without evidence of nerve root impairment or cord compromise in any level.

  E. Medical records do not document that Plaintiff has an abnormal focal neurological exam.
  F. Physical restrictions indicated by Dr. Wallace are inconsistent with Plaintiff's performance during the functional capacity evaluation of May 28, 2009.
  G. Physical examinations of Dr. Wallace reveal an absence of distress, normal heart and lungs, 5/5 strength, intact light touch, and absence of erythema.
  H. In summary, Defendant concluded that Plaintiff's file does not support restrictions and limitations due to a functional or psychological impairment that prevents Plaintiff from performing her regular occupation and does not support an ongoing disability beyond the date benefits were allowed.

14. That at issue in this case is the policy language of the group policy issued by Defendant to Opinion Research Corporation. Page 30 of the summary plan description defines disability as follows:

> *Disability and disabled means that because of an injury or sickness, a significant change in your mental or physical functional capacity has occurred in which you are: a) prevented from performing at least one of the material duties of your regular occupation on a part time or full time basis; and b) unable to generate current earnings which exceed 80% of your monthly earnings due to that same injury or sickness.* **See Exhibit 8.**

15. That the Plaintiff contends that the decision by the Defendant to deny long term disability benefits is unreasonable and not supported by substantial evidence for the following reasons:

  A. A report of Dr. Kimberly Wallace at Montgomery Family Medicine dated August 18, 2009. Dr. Wallace's remarks "back and vertebral tenderness." The report also notes "worsening back pain." Plaintiff was prescribed chronic pain medications including the following: MS Contin 60 BID, Percocet 10/650, Provegel 200 OD and Lyrica 200 BID. The second page of the record also reveals that Plaintiff's worsening back pain is affecting her sleep, particularly when lying on her back. **See Exhibit 9.**

...

B. On October 14, 2009 Dr. Kimberly Wallace completed a Medical Assessment of Ability to do Work Related Activities (Physical). **See Exhibit 10.** Dr. Wallace indicates that Plaintiff has restrictions on lifting 10 lbs. occasionally due to significant back pain/stiffness. Standing and walking is also limited to 15-20 minutes at a time due to back pain and lower extremity edema and numbness. Sitting is limited to 30 minutes at a time due to right knee pain and bilateral hip pain. Plaintiff can occasionally climb, balance, stoop, bend and kneel but never crawl. These postural activities are limited because of Plaintiff's back pain, right knee pain, lower extremity numbness, hand cramping and generalized fatigue. Plaintiff also has environmental restrictions concerning moving machinery, temperature extremes and noise. These restrictions will worsen Plaintiff's arthralgias. Due to these limitations Dr. Wallace has concluded that Plaintiff is totally disabled. Dr. Wallace's comments include the following: "Patient has worsening/progressive back pain, stiffness and significant hip pain with lying. MRI shows L3-L5 spinal stenosis. Patient continues to have debilitating fatigue that is unpredictable." Dr. Wallace also concludes that during an 8 hour day Plaintiff must lie down between 2-8 hours. Given these restrictions and limitations, and Ms. Plaintiff's need to lay down for an extended period during the day, it is unlikely that Plaintiff is capable of performing any type of gainful employment. In further support, attached as **Exhibit 11** is a report of Plaintiff's Rheumatologist, Dr. Matsumoto, dated December 11, 2009

reflecting an assessment of chronic fatigue/malaise.

C. United of Omaha's letter of July 16, 2009 indicates that benefits were denied beyond July 1, 2009 as United of Omaha determined that Plaintiff was capable of performing her light occupation as an administrative assistant based upon the findings of the FCE. **(See Exhibit 12).** This is again noted in Defendant's denial letter of May 25, 2010. As the FCE indicates Plaintiff took 25 mg of Percocet immediately before the testing. Further, there is no follow up after the testing to reflect the problems and complaints developed by Plaintiff as a result of the FCE. The report of August 18, 2009 from Dr. Wallace reflects worsening problems with Ms. Dorsey's back and the continuation of chronic pain medications. Plaintiff was also referred for an MRI which revealed stenosis in her lumbar spine. Further, the FCE alone does not provide substantial evidence that Plaintiff is capable of performing full time light duty work. The FCE covers only a limited period of time. It is not reflective of Plaintiff's ability to perform light work for an 8 hour workday 5 days per week. Even though the test shows that Plaintiff can perform light work for the duration of the test, that cannot be transformed into evidence that she is capable of performing such work on a full time basis. The 4th Circuit has previously concluded that an FCE, alone, does not provide substantial evidence of an ability to perform work. See Stup v. UNUM Life Insurance Co. of America, 390 F.3d 301 (4th Cir. 2004).

D. Finally, it was unreasonable for United of Omaha to rely solely upon the conclusions of the FCE to determine that Plaintiff was capable of performing her duties as an administrative assistant. United of Omaha had already determined in its decision of July 26, 2007 that Plaintiff was eligible for disability benefits based upon her inability to perform the material duties of her regular occupation. The disability definition changes after two years to reflect that an individual must be "unable to perform all of the material duties of any gainful occupation for which you are reasonably fitted by training, education or experience." **See Exhibit 13.** There is neither vocational nor medical evidence contained in the Administrative Record to support that Plaintiff is capable of performing any other type of gainful employment. In order for United of Omaha to conclude that Plaintiff is now capable of performing her past job, a position for which they previously determined she was disabled, requires a showing of substantial evidence. The reliance upon an FCE alone to support such a finding is unreasonable.

16. That the Plaintiff contends that she has submitted objective medical evidence to document a disability. The medical evidence submitted demonstrates that Plaintiff is precluded from performing the material duties of any occupation, including her own position as an administrative assistant.

17. That the Defendant has failed to reasonably consider the objective medical evidence. Further, Defendant's inaction by failing to render a decision on the merits of this claim for more than 45 days after it was due demonstrates that Defendant has failed to conduct a full

and fair review of the Plaintiff's claim. Accordingly, Plaintiff contends that the decision to deny her claim for long term disability benefits under the plan is arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith.

18. That as a direct and proximate result of the aforesaid actions the Defendant is in breach of its agreement to provide long term disability benefits under the plan.

19. That as a direct and proximate result of the actions of the Defendant the Plaintiff has sustained damages in the amount of $ 3,437.23 per month from July 1, 2009 to and including June 1, 2010, a period of 12 months. Through June 1, 2010 Plaintiff has sustained a loss of $ 41,246.76. The claim continues at the rate of $ 3,437.23 per month.

20. That as a direct and proximate result of the Defendant's actions the Plaintiff has been caused to incur attorney's fees and costs in an amount not now known to the Plaintiff.

WHEREFORE, the Plaintiff prays for the following relief:

    a. That this Court order the Defendant to pay the Plaintiff all long term disability benefits due to the Plaintiff under the Plan, said benefits beginning July 1, 2009;

    b. Granting the Plaintiff a monetary judgment against the Defendant for all amounts due and owing;

    c. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132; and

    d. For any and all other relief to which the Plaintiff may be entitled or the nature of this cause of action may require.

                                                                                                        /s/  
                                              Keith R. Siskind, Esquire  
                                              Michael D. Steinhardt, P.C.  
                                              7711 Quarterfield Road  
                                              Glen Burnie, MD 21061  
                                              410-766-7630  
                                              Attorney for Plaintiff  
                                              Trial Bar # 04415